**IN THE COURT OF APPEALS OF IOWA**

No. 14-1299
Filed November 13, 2014

**IN THE INTEREST OF C.C.,**
     **Minor Child,**

**D.H., Mother,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph Seidlin, District Associate Judge.

A mother appeals from termination of her parental rights.  **AFFIRMED.**

Ashley Tollakson of Hartung & Schroeder, Des Moines, for mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Andrea S. Vitzthum, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, P.J.**

The mother appeals from termination of her parental rights to one child, C.C. (born January 2013), under Iowa Code sections 232.116(1)(h), (i), and (*l*) (2013). She contends the evidence does not support the statutory grounds to terminate, the State failed to make reasonable efforts toward reunification, and termination was not in C.C.'s best interest. She requests additional time to work toward reunification.[1]

C.C. first came to the attention of the Iowa Department of Human Services (DHS) in October 2013 when it was determined the mother was living with her paramour and C.C. in an unheated garage.[2] In the garage, law enforcement officers discovered K2 and drug paraphernalia. C.C. was removed and placed with a relative. The mother pled guilty to child endangerment as a result of this incident.

The mother has a long history of substance abuse and a significant criminal record involving drug convictions. Throughout this child in need of assistance (CINA) case she has repeatedly tested positive for drugs, and admitted she used marijuana or K2 daily until February 2014.

We review termination of parental rights proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). We give weight to the factual determinations of the juvenile court, especially with regard with witness credibility, but are not

---

[1] The father's parental rights were also terminated. A month before the termination hearing, he was paroled from incarceration in Missouri and living with relatives in Branson. He does not appeal.

[2] Law enforcement officers recorded the temperature within the garage as forty-one degrees Fahrenheit.

bound by them. *Id.* In determining whether to terminate parental rights, the juvenile court follows a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010.) First, the court must determine if a statutory ground for termination exists under Iowa Code section 232.116(1). *Id.* Second, the court must give consideration to the child's best interest. *See* Iowa Code § 232.116(2); *P.L.*, 778 N.W.2d at 39. Finally, the court need not terminate parental rights if it finds any of the statutory exceptions under Iowa Code section 232.116(3) apply. *P.L.*, 778 N.W.2d at 39.

The mother contends the State failed to establish necessary elements to terminate parental rights under Iowa Code section 232.116(1) for the grounds set out in paragraphs (i) and (*l*). The juvenile court terminated the mother's parental rights under paragraphs (i), (*l*), and (h). When the juvenile court terminates parental rights on more than one statutory ground, we need only find termination proper under one ground to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The mother challenges only two of the three grounds on her appeal. Her failure to raise the remaining ground under paragraph (h) waives any claim of error related to that ground. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("our review is confined to those propositions relied upon by the appellant for reversal on appeal"). Therefore, we affirm the juvenile court's order terminating the mother's parental rights pursuant to paragraph (h).

The mother contends the State failed to make reasonable efforts toward reunification and "all past reasonable efforts findings should be reversed due to the State's failure to communicate and work with [the mother]." Although the

State has an obligation to make reasonable efforts, the parent has an obligation to demand different or additional services the parent may require prior to the termination hearing. *S.R.*, 600 N.W.2d at 65. The mother does not assert and the record does not reflect that the mother has made any prior claim that the services the State and DHS have provided were inadequate. At the termination hearing and in her appeal, the mother complains she did not receive enough visitation and the visitation room was not large enough. We find the time for complaining about services has passed, and the mother failed to preserve error on this issue.

The mother also contends termination was not in C.C.'s best interest. The juvenile court found

> [C.C.] was removed from her parents' care because her mother had her living in an unheated garage and exposed her to illegal substances . . . . The mother continued use of drugs after removal of her child and while she herself was under the supervision of the court in her criminal proceedings. This contributed to her incarceration for a significant time during this case and her current residence at the Women's Correctional Facility in Des Moines. During the time since the child's removal, the mother further did not take steps necessary to stabilize her housing, substance abuse and mental health issues. Her continued and recent violations of the conditions of her probation and continued residence at the Women's Correctional Facility render her continued probation tenuous at best.
> . . . .
> To return the child to her mother or father at this time or in the foreseeable future would subject her to great instability and uncertainty inflicted by her parents. There has not been any resolution to the concerns raised at the time of the child's removal.

In determining whether termination is in the child's best interests, we give primary consideration to the child's safety, to the best placement for furthering the long-

term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child. *See* Iowa Code § 232.116(2).

At the time of the July 9, 2014 termination hearing, the mother resided at the Women's Correctional Facility as a condition of probation, with an anticipated probation discharge date of March 2016. She has repeatedly tested positive in drug tests or refused to take them because she knows they will be positive. She has repeatedly broken terms of her various probations by using drugs, fighting with women's facility staff or peers, or obtaining new charges. She has taken few steps to address the substance abuse and mental health issues that resulted in C.C. being removed and is not in a position to care for C.C. or provide her a home. There is nothing in the record that convinces us that reunification will be possible within six months. C.C. has been out of the mother's care since October 2013. DHS reports that C.C. has adjusted well to her foster parents' home, and that she is happy and healthy. She appears attached and bonded to the foster parents, and they have integrated her into their home. C.C. is particularly bonded with her foster brother. Based on the foregoing, it is in C.C.'s best interest to terminate the mother's parental rights; her current placement is the safest and most likely to further her long-term nurturing and growth, as well as her physical, mental, and emotional needs. Accordingly, we affirm the district court's refusal to grant additional time for reunification and affirm termination of the mother's parental rights.

**AFFIRMED.**